UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

SANPREET SINGH,                                                                  Petitioner,

v.                                                              Civil Action No. 4:26-cv-496-DJH

MIKE LEWIS, Jailer, Hopkins County Jail
et al.,                                                                         Respondents.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Petitioner Sanpreet Singh, a noncitizen resident of the United States currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. He alleges that his detention by immigration authorities violates the Immigration and Nationality Act, the Due Process Clause of the Fifth Amendment, the Suspension Clause, and the Administrative Procedure Act.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (D.N. 4), and the respondents submitted a response brief setting out their legal arguments.  (D.N. 8)  After careful consideration, the Court will grant Singh's petition for the reasons explained below.

**I.**

Singh is a native and citizen of India.  (D.N. 1, PageID.11 ¶ 40; *see* D.N. 1-2, PageID.43) He entered the United States on or about June 10, 2024, and was detained by immigration authorities.  (*See* D.N. 1-2, PageID.43)  On June 11, 2024, Singh was released on an order of recognizance and placed in removal proceedings via a Notice to Appear.[1]  (*See* D.N. 1-1,

---

[1] Pursuant to 8 U.S.C. § 1226(a)(2)(B), noncitizens may be released "on an Order of Recognizance, which is a form of conditional parole."  *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at \*5 (W.D. Ky. Nov. 4, 2025) (quoting *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025)).

1

PageID.37; D.N. 1-2, PageID.43)  Singh has a pending application for asylum and withholding of removal.  (D.N. 1, PageID.12 ¶ 43)  He states that "[t]hroughout the entirety of his release, [he] remained fully compliant with the conditions of his supervision, consistently appeared for all required [U.S. Immigration and Customs Enforcement (ICE)] check-ins, and complied with all reporting obligations imposed by ICE."  (*Id.*)  On June 17, 2026, ICE officers arrested Singh in Indianapolis, Indiana, pursuant to an arrest warrant following "execution of a search warrant." (D.N. 8-2, PageID.68; *see* D.N. 8-4, PageID.73)  Singh's release on recognizance was revoked the same day.  (*See* D.N. 8-5, PageID.74)  On July 9, 2026, an immigration judge denied Singh release on bond.  (*See* D.N. 1-4, PageID.47)  The immigration judge determined that Singh was a flight risk on the grounds that his "length of residence in [the United States] is short," his proposed sponsor was "insufficient to adequately ensure [Singh's] appearance" at removal proceedings, and Singh's "eligibility for relief is speculative."  (*Id.* (quoting *In re Akhmedov*, 29 I&N Dec. 166, 167 (B.I.A. 2025); *In re R-A-V-P-*, 27 I&N Dec. 803, 806 (B.I.A. 2020); *In re C-M-M-*, 29 I&N Dec. 141, 143 (B.I.A. 2025)))  Singh remains detained at the Hopkins County Jail in Madisonville, Kentucky.  (D.N. 1-3, PageID.46)

Singh seeks a writ of habeas corpus against Hopkins County Jailer Mike Lewis, the Chicago ICE Field Office Director, the Acting Director of ICE, Department of Homeland Security Secretary Markwayne Mullin, and U.S. Attorney General Todd Blanche.  (*See* D.N. 1, PageID.7–8 ¶¶ 24–28)  Singh alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; due process under the Fifth Amendment; the Suspension Clause; and the Administrative Procedure Act.  (*See id.*, PageID.19–32 ¶¶ 66–126)  He specifically alleges that the grounds upon which the immigration judge relied at the bond hearing do not justify his detention. (*See id.*, PageID.13 ¶ 47)  Singh seeks immediate release or a "constitutionally adequate bond

hearing." (*Id.*, PageID.33 ¶¶ 5–6)  Respondents argue that Singh is properly detained under 8 U.S.C. § 1226(a) and that his detention does not violate due process.[2]  (*See* D.N. 8, PageID.62–63)

**II.**

The parties agree that 8 U.S.C. § 1226(a) governs Singh's detention.  (*See* D.N. 1, PageID.17 ¶ 62; D.N. 8, PageID.62)  Singh challenges as constitutionally inadequate the bond hearing he received pursuant to that provision (D.N. 1, PageID.13 ¶ 47).  *See Garcia v. Hyde*, 817 F. Supp. 3d 112, 125 (D.R.I. 2025) (concluding that claims contesting the sufficiency of the immigration judge's flight-risk determination "ultimately raise[] a constitutional challenge").  The record contains only the immigration judge's written decision.  (D.N. 1-4, PageID.47–48; D.N. 8-1, PageID.65–66)

The Court may consider "whether the evidence upon which the immigration judge relied established, as a matter of law, that Singh posed a flight risk."  *Singh v. Hott*, No. 4:26-cv-256-DJH, 2026 WL 1880217, at *5 (W.D. Ky. June 30, 2026) (citing *Garcia*, 817 F. Supp. 3d at 126).  "During a bond hearing, the immigration judge must determine that the noncitizen poses a flight risk based on clear and convincing evidence."  *Id.* (citing *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 627–29 (W.D. Mich. 2026)).  "[T]he clear and convincing standard is met by proving that a factual contention is 'highly probable.'"  *España v. Nessinger*, No. 26-cv-014-JJM-PAS, 2026 WL 821788, at *13 (D.R.I. Mar. 25, 2026) (quoting *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)).  "Absent guidance from the Sixth Circuit, courts have found that the government bears the burden of proving that the noncitizen presents a flight risk."  *Singh*, 2026 WL 1880217, at *5

---

[2] Respondents do not contest that the Court has jurisdiction to review Singh's petition (*see generally* D.N. 8).  *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Singh must exhaust administrative remedies (*see generally* D.N. 8).  Therefore, the Court will not address those issues.

3

(citing *Soto-Medina*, 817 F. Supp. 3d at 622; *Ba v. Raycraft*, No. 26-10838, 2026 WL 1213803, at *4 (E.D. Mich. May 4, 2026); *Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio May 15, 2026)).

Here, the immigration judge determined that Singh was a flight risk on the grounds that his "length of residence in [the United States] is short," his proposed sponsor was "insufficient to adequately ensure [his] appearance" at removal proceedings, and Singh's "eligibility for relief is speculative." (D.N. 1-4, PageID.47)  The immigration judge did not explain any of these findings by reference to the record except by stating that the sponsor "is not an immediate family member and does not appear to be related to [Singh]." (*Id.* (quoting *In re R-A-V-P-*, 27 I&N Dec. at 806)) Although "speculative" relief and a short length of residence in the United States "are undoubtedly relevant to flight risk, they are also true of virtually every asylum seeker apprehended at the border, many of whom the Government releases on bond." *N.A. v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03007-CV-MBK, 2026 WL 734587, at *8 (C.D. Cal. Feb. 20, 2026), *report and recommendation adopted*, 2026 WL 734585 (C.D. Cal. Mar. 12, 2026).  The immigration judge cited no facts specific to Singh explaining why his chances of receiving asylum are "speculative" or how his "short" length of residence in the United States supports a finding of flight risk (*see* D.N. 1-4, PageID.47).  *See N.A.*, 2026 WL 734587, at *8 ("The [immigration judge] did not cite any facts specific to Petitioner's case or otherwise explain why his claims indicated an unmanageable risk of flight sufficient to meet the 'clear and convincing' standard.").  In any event, the government does not contest Singh's assertion that he has "fully compli[ed] with the conditions of his supervision" and "consistently appeared for all required ICE check-ins." (D.N. 1, PageID.12 ¶ 43; *see generally* D.N. 8)

The immigration judge's finding regarding the sponsor also does not support the flight-risk determination.  Although the record contains no details as to Singh's proposed sponsor (*see generally* D.N. 1; D.N. 8), the immigration judge found only that the sponsor "is not an immediate family member and does not appear to be related to [Singh]" and cited caselaw from the Board of Immigration Appeals (BIA) without further discussion of how the caselaw applies to Singh's circumstances.  (D.N. 1-4, PageID.47)  "A mere mention of several BIA cases without analysis of their content or significance coupled with a passing reference to [Singh's] sponsor . . . is insufficient to justify the [immigration judge's] findings and violates [Singh's] due process rights." *Hootkhil v. Rio Grande Det. Ctr.*, No. 5:26-CV-00768, 2026 WL 2089545, at *5 (S.D. Tex. July 14, 2026).  And Respondents do not contest Singh's assertion that the immigration judge "did not require [the government] to bear the burden of proving . . . flight risk by clear and convincing evidence."  (D.N. 1, PageID.23 ¶ 84; *see generally* D.N. 8)  Indeed, the record suggests that the government produced no evidence against Singh at the bond hearing.  (*See generally* D.N. 1; D.N. 8)  Given the government's apparent lack of any evidence against Singh's proposed sponsor, "[i]t is therefore not clear how the [immigration judge] could conclude, by clear and convincing evidence, that the sponsor would be unable" to ensure Singh's appearance at removal proceedings. *N.A. v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03007-MBK, 2026 WL 1045196, at *9 (C.D. Cal. Apr. 15, 2026).

Because none of the grounds for the immigration judge's decision could establish flight risk based on clear and convincing evidence, Singh's bond hearing was constitutionally inadequate and violated due process.[3]  *See Singh*, 2026 WL 1880217, at *6; *Hootkhil*, 2026 WL 2089545, at

---

[3] In light of this conclusion, the Court need not consider Singh's Administrative Procedure Act and Suspension Clause claims.  *See Vicente Cruz v. Noem*, No. 1:26-cv-158, 2026 WL 936367, at *3 (S.D. Ohio Apr. 7, 2026) (declining to consider claims under the Administrative Procedure Act and Suspension Clause after concluding that the petitioner's detention violated due process).

*6. And because Singh is unlawfully detained, the Court will order his immediate release. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention." (emphasis omitted)); *Singh*, 2026 WL 1880217, at *6 (ordering release); *Hootkhil*, 2026 WL 2089545, at *7 (same).

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Singh's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Singh and shall not re-detain him without notice and an opportunity to be heard at a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **August 14, 2026**.

(2)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

August 12, 2026

**David J. Hale, Chief Judge**
**United States District Court**

6